Mary L. Schermerhorn, Appellant, v. John R. Schermer-
horn, Respondent.

Third Department, May 4, 1921.

Husband and wife — separation — temporary alimony and counsel
fees — Nevada decree in divorce action dismissing complaint in
action by defendant herein not bar to separation here or allowance
of alimony and counsel fees.

The decree of a Nevada court in a divorce action by the husband on the
ground of cruelty in which the wife appeared and answered but did not
interpose a counterclaim for divorce or separation, dismissing the com-
plaint and answer, is valid and binding on the parties to the extent of the
matters decided therein and has the same force between the parties as
though procured in this State.

That decree does not bar the wife from bringing an action in this State
for separation nor from securing temporary alimony and counsel fees,
should the Special Term consider her entitled thereto.

Appeal by the plaintiff, Mary L. Schermerhorn, from an
order of the Supreme Court, made at the Saratoga Special
Term and entered in the office of the clerk of the county of
Schenectady on the 26th day of June, 1920, as resettled by
an order, made at the Schenectady Special Term, and entered
in said clerk's office on the 15th day of January, 1921, denying
plaintiff's motion for alimony and counsel fees.

*Naylon, Robinson & Maynard* [*Daniel Naylon, Jr.,* of
counsel], for the appellant.

*Borst & Smith* [*Homer J. Borst* of counsel], for the respondent.

Van Kirk, J.:

The motion was denied solely on the ground that " the
judgment of the Nevada court is, as it now stands, a bar
to this motion." The merits of the motion, or whether a
cause of action was stated in the complaint, were not con-
sidered. This action is for a separation, brought by the
wife, who was the defendant in the Nevada action, against the
plaintiff therein.

The action in Nevada was brought for a divorce based on
charges of cruelty; the defendant appeared and answered in
that action. In her answer she set forth no counterclaim
for divorce or separation and she made no demand for such

relief. She did ask that relief be denied to the plaintiff; also that $150 per month alimony be granted her. This demand for alimony was not based upon any affirmative relief to be granted to her, but evidently in case the husband was granted a decree. The Nevada decree dismissed both the complaint and the answer. That decree is valid and binding upon the parties and has the same force between the parties as if procured in this State, but it does not decide matters not involved in that action.

The plaintiff here is not barred by the Nevada decree from bringing an action for separation in this State, nor is she barred thereby from securing alimony in such an action, should the Special Term consider her entitled thereto. We have read the cases cited by the court below and find nothing in conflict with the above.

The order is reversed, with ten dollars costs and disbursements, and plaintiff allowed alimony in the sum of forty-two dollars a week, from the time motion was made, and for counsel fee and expenses five hundred dollars, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and plaintiff allowed alimony in the sum of forty-two dollars a week, from the time motion was made, and for counsel fee and expenses five hundred dollars, with ten dollars costs.